UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

COREY HERTEL, *et al.*                    )
                                          )
                    Plaintiffs,           )
                                          )
          v.                              )          No. 1:20-cv-01748-TWP-DLP
                                          )
ACTION TECHNOLOGIES GROUP, INC.,          )
*et al.*,                                 )
                                          )
                    Defendants.           )
_____ )
                                          )
ACTION TECHNOLOGIES GROUP, INC.,          )
                                          )
                    Counter Claimant,     )
                                          )
          v.                              )
                                          )
COREY HERTEL, *et al.*,                   )
                                          )
                    Counter               )
                    Defendants.           )
_____ )
                                          )
ACTION TECHNOLOGIES GROUP, INC.,          )
                                          )
                    Third Party           )
                    Plaintiff,            )
                                          )
          v.                              )
                                          )
HERTECO90, LLC D/B/A SIMPLE               )
INNOVATIONS GROUP,                        )
                                          )
                    Third Party           )
                    Defendant.            )

## O<small>RDER</small>

This matter comes before the Court on Counterclaimant and Third-Party Plaintiff Action Technologies Group, Inc.'s ("ATG") Motion for Leave to Amend Counterclaim and Third Party Complaint, Dkt. [31]. This matter is now fully briefed and ripe for decision. For the reasons explained below, ATG's motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.    Background

On June 26, 2020, Plaintiffs Corey Hertel, Spencer Smith, Brian Borden, Jonathan Theriot, and Michael Barnett filed the present lawsuit alleging that they were misclassified as independent contractors and denied commissions, salaries, and benefits by the Defendants Matthew Pannell, Leslie Pannell, Connor Pannell, and ATG. (Dkt. 2).[1] The Complaint also requests a judgment declaring the Non-Compete Agreement with ATG[2] void or unenforceable. (Id).

On September 18, 2020, Defendants filed their Answer, Counterclaim, and Third Party Complaint which denies the Plaintiff's allegations and raises its own charges of conversion, computer fraud violations, and unfair competition against the Plaintiffs/Counterclaim Defendants and Third-Party Defendant Herteco90, LLC d/b/a Simple Innovations Groups ("SIG").[3] (Dkt. 19). ATG also alleges breach of

---

[1] The original Complaint was filed on June 26, 2020, but incorrectly captioned the case as being filed in the Northern District of Indiana. (Dkt. 1). The Amended Complaint, Dkt. 2, merely corrects the caption.

[2] The Confidentiality, Non-Compete, and Compensation Agreement was signed by Corey Hertel on July 9, 2018. (Dkt. 2-1).

[3] As admitted in the Counterclaim Defendants' Answer to the Counterclaim, SIG is a Kentucky Limited Liability Company organized by Hertel to participate in Verizon's Value Added Distributor Program through Ingram Micro Inc, a program that ATG also participated in. (Dkt. 19 at 18-20; Dkt. 28 at 1-3).

contract against Plaintiff Corey Hertel related to actions taken in contravention of the Non-Compete Agreement. (Id. at 20-21).

On October 12, 2020, the Plaintiffs/Counterclaim Defendants filed their Answer to ATG's Counterclaim, and moved to dismiss Counts II through V of ATG's Counterclaim for failure to state a claim. (Dkts. 27, 28). In addition, the Plaintiffs/Counterclaim Defendants specifically requested that Count II of the Counterclaim and Third Party Complaint be dismissed with prejudice because the tort claim "Conversion of Business" does not exist under Indiana law. (Dkt. 27, Dkt. 27-1 at 2). On October 16, 2020, Third-Party Defendant SIG similarly moved to dismiss Counts II through V[4] for the same reasons articulated in the Plaintiffs/Counterclaim Defendants' response. (See Dkts. 27-1, 29).

ATG did not respond to either motion to dismiss, but instead opted to file the instant motion for leave to amend the Counterclaim and Third Party Complaint on November 2, 2020. (Dkt. 31). The Plaintiffs/Counterclaim Defendants did not file a response in opposition and the time to do so has passed. On November 16, 2020, Third-Party Defendant SIG filed a response in opposition to the motion for leave as to Count II only. (Dkt. 33).

---

[4] In the supporting brief to its motion to dismiss, SIG states that it is seeking dismissal of Counts II through V, without prejudice, for pleading defects. (Dkt. 29). However, in its response to ATG's motion for leave to amend, SIG clarifies that it intended to seek dismissal, without prejudice, of Counts I, III, IV, and V. (Dkt. 33).

## II.    Legal Standard

ATG, pursuant to Rule 15(a)(1)(B), seeks to amend its Counterclaim and Third Party Complaint as a matter of course. (Dkt. 31 at 2).[5] However, "the right to amend as a matter of course is not absolute," and a district court may deny a motion to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Here, Third-Party Defendant SIG opposes the motion to amend solely on the ground that Count II of the proposed amendment is futile. An amendment is futile if the amended pleading would not survive a motion to dismiss. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). To survive a motion to dismiss, the amended complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Before denying a motion to amend, however, it should be "clear" that the proposed amended complaint "is deficient" and would not survive such a motion. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. &*

---

[5] Rule 15(a)(1)(B) allows a party to amend its pleading once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). In this case, the Counterclaim Defendants filed their Answer and 12(b)(6) motion to dismiss on October 12, 2020. (Dkts. 27, 28). Third Party Defendant SIG filed its 12(b)(6) motion to dismiss on October 16, 2020. (Dkt. 29). ATG filed the present motion within 21 days of the Counterclaim Defendants' Answer and 12(b)(6) motion to dismiss and within 17 days of SIG's motion to dismiss.

*Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) ("Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend." (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004))).

## III.   Discussion

ATG seeks to file an amended Counterclaim and Third Party Complaint to provide further clarity as the parties prepare for mediation. (Dkt. 31). SIG opposes this request as to Count II only. (Dkt. 33). In Count II, ATG alleges that certain Plaintiffs/Counterclaim Defendants and SIG exercised unauthorized control over its property in violation of Indiana Code § 34-24-3-1. (Dkt. 31-1 at 5-7). SIG maintains that any amendment on this count would be futile because Indiana law does not recognize a claim for conversion of intangible property. (Dkt. 33 at 2). As such, SIG requests that ATG's motion to amend be denied as to Count II. (Id. at 2, 5).

The opportunity to amend a complaint is futile if the amended complaint would fail to state a claim upon which relief could be granted. *Gen. Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). At the pleadings stage, the plaintiff need not prove the claims, but must allege sufficient facts to make it plausible that defendants' conduct satisfies each element of an offense. *LeSEA, Inc. v. LeSEA Broad. Corp.*, 379 F. Supp. 3d 732, 738 (N.D. Ind. 2019).

"Indiana's civil conversion statute[6] allows for a civil suit by someone who has suffered a pecuniary loss because of another person's knowing or intentional

---

[6] Ind. Code § 34-24-3-1; § 35-43-4-3(a).

5

unauthorized control over the property of another person." *Landeen v. PhoneBILLit, Inc.*, 519 F. Supp. 2d 844, 867 (S.D. Ind. 2007). Generally, in conversion cases, the tortfeasor must appropriate another's personal property in defiance of the lawful owner's rights. *Whittington v. Indianapolis Motor Speedway Found., Inc.*, No. 1:06-cv-0333-JDT-TAB, 2007 WL 2701983, at *7 (S.D. Ind. Sept. 12, 2007); *see also Dixon v. Nat'l Hot Rod Ass'n*, 450 F. Supp. 3d 831, 849 (S.D. Ind. 2020).

SIG argues that ATG has failed to plead a cognizable conversion claim because the "property" allegedly converted – New Clients for ATG or their expected income – is not personal property. (Dkt. 33 at 3-5). The Court agrees. Count II, as pleaded, fails to plead a cognizable claim of conversion. In the proposed amended Counterclaim and Third Party Complaint, ATG defines its New Clients as entities or individuals who expressed interest in ATG's services. (Dkt. 31-1 at 6). The proposed complaint maintains that the Plaintiffs/Counterclaim Defendants Barnett, Borden, and Spencer, while associated with ATG, contacted these "New Clients" and provided services to them on ATG's behalf. (Id.). After their departure from ATG, however, Barnett, Borden, and Spencer allegedly provided this new client information to SIG who then invoiced these clients for services the former ATG employees performed on ATG's behalf. (Id.).

In the proposed complaint, ATG identifies the "ATG New Clients" as its exclusive property, and asserts that the Plaintiffs/Counterclaim Defendants knowingly and intentionally exerted unauthorized control over the property – by attempting to invoice the ATG New Clients through Third Party Defendant SIG –

6

with the intent of depriving ATG of income. (Id.). ATG also maintains that SIG invoiced the ATG New Clients fully knowing that the ATG New Clients were obtained improperly and that the invoices were for work the former employees performed on ATG's behalf. (Id. at 6-7). As a result, ATG avows that it has been damaged by the Plaintiffs/Counterclaim Defendants and Third-Party Defendant SIG's conduct. (Id.at 7).

Assuming these allegations to be true, the ATG New Clients, as defined, are not personal property and, as such, are not the type of property over which a party can exert control, for purposes of conversion. *See Aronoff v. DiBruno*, No. 1:04-cv-1126-JDT-WTL, 2005 WL 1940007, at *8 (S.D. Ind. July 1, 2005). The Court has yet to find a case applying Indiana law where the property allegedly converted was the client itself. *See, e.g.*, *Meridian Fin. Advisors, Ltd. v. Pence*, No. 1:07-cv-00995-LJM-TAB, 2010 WL 3947507, at *1-3 (S.D. Ind. Oct. 7, 2010) (the intangible property involved were businesses previously owned by the entity plaintiff was appointed receiver over, but the Court entered summary judgment as to the conversion claim because the transfer of the businesses was consented to); *Heckler and Koch, Inc. v. German Sports Guns GmbH*, 2009 WL 3200587, at *1 (S.D. Ind. Sept. 25, 2009) (noting that while mark and trade dress rights and related goodwill are intangibles, they are things of value in which plaintiff has a property interest and, as such, constitute property subject to conversion by another).

Even if the Court were to read Count II of the proposed amended Counterclaim and Third Party Complaint to assert that the property at issue is

income related to the ATG New Clients, ATG's claim remains futile. While the Court notes that money has been recognized as an appropriate subject of an action for conversion, it must first qualify as special chattel. *Kentuckiana Healthcare v. Fourth Street Sols., LLC*, No. 4:04-cv-00022-DFH-WGH, 2007 WL 968754, at *5 (S.D. Ind. Mar. 22, 2007). "To qualify as special chattel and be subject to a conversion action, money must be a 'determinate sum.'" *LEJ Mgmt, LLC v. Morris Invest, LLC*, No. 1:19-cv-02662-TWP-TAB, 2020 WL 5095450, at *9 (S.D. Ind. Aug. 28, 2020) (finding that plaintiff had failed to state a claim for conversion because the complaint failed to identify the amount meant to pay for rehabilitation, and thus the sum was indeterminate). Here, ATG has failed to plead any facts that would demonstrate any income or "determinate sum" of income that SIG has allegedly received from these new clients, and thus there is no qualifying special chattel for purposes of conversion. (*See* Dkt. 31-1 at 6-7).

Accordingly, the Court finds that ATG has failed to plead a cognizable conversion claim because the "property" allegedly converted is not personal property. Because the proposed amendment to Count II would be futile, the Court **denies** ATG's request to amend Count II of its Counterclaim and Third Party Complaint. ATG's request for leave to amend Counts I, III, IV, and V is **granted**.

### IV.    Conclusion

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** ATG's Motion for Leave to File an Amended Counterclaim and Third Party Complaint, Dkt. [31]. ATG shall file the Amended Counterclaim and

Third Party Complaint, consistent with this opinion, within three (3) days of this

Order.

    So ORDERED.

    Date: 3/2/2021

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email